Submitted February 27, affirmed September 23, 2009

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JOSHUA ALWINGER,**
*Defendant-Appellant.*

Marion County Circuit Court
06C50666; A137479

217 P3d 692

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Anna M. Joyce and Robert M. Atkinson, Assistant Attorneys General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for unlawful sexual penetration in the first degree. ORS 163.411(1)(b). His sole assignment of error is that the trial court erred in imposing a mandatory minimum sentence of 300 months of incarceration. He argues that the sentence violates the proportionality guarantees of both the state and federal constitutions. We affirm.

The relevant facts are not in dispute. Defendant lived with Brophy for a short period of time. Defendant sometimes babysat Brophy's children and her three-year-old grandchild. One morning, after the grandchild had been playing in a sprinkler, defendant helped her dry off. While he was drying her off, he put his finger inside the child's vagina and became aroused. The incident was reported to the police, and defendant was charged with and convicted of unlawful sexual penetration.

The applicable portion of ORS 137.700, which is sometimes referred to as "Jessica's Law," provides, in part:

"(1)  Notwithstanding ORS 161.605, when a person is convicted of one of the offenses listed in * * * subsection (2)(b) of this section and the offense was committed on or after October 4, 1997, * * * the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section. * * * The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in subsection (2) of this section.

"(2)  The offenses to which subsection (1) of this section applies and the applicable mandatory minimum sentences are:

"* * * * *

"(b)   * * *

"(F)  Unlawful sexual penetration in the first degree, as defined in ORS 163.411(1)(b). 300 months."

The sentencing court in this case, pursuant to ORS 137.700(2)(b)(F), sentenced defendant to 300 months' incarceration. Defendant objected to the imposition of that sentence, arguing that, because "[i]n this case there at best was a touching," a sentence of 300 months' imprisonment for such an offense is unconstitutionally cruel and unusual. The court acknowledged defendant's objection, but adhered to its sentence.

On appeal, defendant renews his contention that the 300-month sentence of incarceration for "a first-time sex offender whose crime involved no violence and no significant physical injury would shock the moral sense of all reasonable persons as to what is right and proper in the circumstances." (Emphasis omitted.) According to defendant, his sentence is the same term of minimum incarceration that he would have received had he intentionally murdered the child rather than touched her vagina. Defendant contends that his "extreme punishment is utterly disproportionate to the gravity of the offense" and, as a result, violates the state and federal constitutional prohibitions against cruel and unusual punishment.

The state responds that, under the state constitution, the relevant inquiry is essentially whether a rational legislator could believe that the punishment is appropriate to the offense. In this case, the state contends, the sentence that the legislature has imposed easily meets that test. As for the federal constitution, the state contends that, while it is arguable that the constitution does not require proportionate sentencing *at all*, it may be safely asserted that the standard is "at least as restrictive" as the state standard, which the state contends is easily satisfied in this case.

We begin with defendant's contention that his sentence violates the state constitution. Article I, section 16, of the Oregon Constitution provides, in part, that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." In *State v. Wheeler*, 343 Or 652, 175 P3d 438 (2007), the Oregon Supreme Court extensively analyzed the intended meaning of that constitutional provision, reviewing the text of the provision itself, its history, and the court's own prior cases construing it. The court concluded that the phrasing of the two clauses of Article

I, section 16, suggests that they "should be interpreted independently, although the interpretation of one may inform the interpretation of the other." *Id.* at 656. Concerning the proportionality clause, the court noted that the phrasing suggests that the focus is on the sentence being proportioned to "the offense" at issue, not other offenses:

> "Here, the two things being related are 'penalties' and 'the offense,' and the provision requires that the penalties for each particular offense be 'proportioned'—that is, comparatively related—to that offense. The strong implication of that requirement is that a greater or more severe penalty should be imposed for a greater or more severe offense, and, conversely, that a less severe penalty should be imposed for a less severe offense. Additionally, by using the article 'the' and the word 'offense' in the singular, rather than the plural, the text focuses on the 'proportion' between a specific offense and the penalties for that offense, rather than on the proportion between the penalty for one offense (*e.g.*, murder) and the penalty for another offense (*e.g.*, theft)."

*Id.* at 655-56. The court found that an examination of the historical origins of the proportionality requirement bore out that narrow focus. *Id.* at 656-67.

As for its case law construing the proportionality clause of Article I, section 16, the court explained that either of two formulations have been employed, one focused on whether the penalty for a given offense would "shock the moral sense of all reasonable people," *id.* at 668 (citing *State v. Rogers*, 313 Or 356, 380, 836 P2d 1308 (1992), *cert den*, 507 US 974 (1993)), and the other focused on whether the legislature's assessment of the seriousness of a given offense and the appropriate penalty for that offense is " 'founded upon an arguably rational basis,' " *Wheeler*, 343 Or at 669 (quoting *Jensen v. Gladden*, 231 Or 141, 146, 372 P2d 183 (1962)).

With respect to the different formulations reflected in its prior cases, the Supreme Court offered two observations. First, the court stated, the "shock the moral sense of all reasonable people" formulation was never intended to be taken literally. *Wheeler*, 343 Or at 670. That is to say, an offense does not pass constitutional muster merely because the court could identify a single "reasonable person" whose moral sense was not "shocked" by the challenged penalty. *Id.*

Instead, the court commented, the test was intended to reflect the view that a penalty will be found unconstitutionally disproportionate "only in rare circumstances." *Id.* Second, the court said, the formulation that focused on the rationality of the legislature's assessment of the seriousness of an offense was not intended as an alternative test to the "shock the moral sense of all reasonable people" test; rather, the rationality test was intended to look "to the legislative enactment of the particular penalties at issue as an external source of law to assist in determining whether those penalties would shock the moral sense of reasonable people." *Id.* at 670-71. The bottom line, the court concluded, is that "the court will hold a sentence unconstitutional under [the proportionality clause] only in rare circumstances." *Id.* at 671. "[R]espect for the separation of powers and the legislature's authority to set criminal penalties," the court stated, "means that the court's role is a limited one." *Id.* at 672.

The court noted that, subject to a single exception, the focus of all of its prior cases in applying those principles was whether the sentence was proportionate to "the offense," not to other offenses. *Id.* at 674-76. That single exception consists of a challenge based on a comparison of the penalty for one offense with the penalty for a different offense *of which the first offense is a lesser-included offense. Id.*

The court summarized its analysis of the proportionality clause of Article I, section 16, in the following terms:

> "[T]his court's cases do not provide a comprehensive understanding of the scope of Article I, section 16, but they do provide some perspective on certain aspects of the proportionality requirement. The court has used the test of whether the penalty was so disproportioned to the offense as to 'shock the moral sense of reasonable people' and ordinarily has deferred to legislative judgments in assigning penalties for particular crimes, requiring only that the legislature's judgments be reasonable."

*Id.* at 676 (footnote omitted).

More recently, in *State v. Pardee*, 229 Or App 598, 215 P3d 870 (2009), we had occasion to apply the foregoing principles to a proportionality challenge brought by a defendant who had been sentenced to a total of 400 months'

incarceration, followed by a lifetime of post-prison supervision, on multiple convictions for first-degree rape, first-degree sodomy, first-degree sexual penetration, and first-degree sexual abuse. We concluded that, under *Wheeler*, the test is "whether the legislatively imposed penalty is so irrational that it shocks the moral sense of reasonable people." *Pardee*, 229 Or App at 603. In that regard, we noted that "no Oregon court has ever held that a particular sentence was disproportional to *the* offense for which it was imposed." *Id.* (emphasis in original). Indeed, we observed, we have upheld a sentence of life imprisonment imposed on a recidivist offender "for forcibly kissing a woman on the neck." *Id.* (citing *State v. Meyrovich*, 204 Or App 385, 387, 393, 129 P3d 729, *rev den*, 340 Or 673 (2006)).

With the foregoing principles in mind, we turn to defendant's state constitutional challenge in this case. Defendant contends that his 300-month sentence of incarceration is unconstitutionally disproportionate because that sentence is the same sentence that he would have received had he intentionally murdered the child. Even assuming that defendant is correct in his assessment of the penalty for intentional murder, the fact remains that his argument—predicated on a comparison of sentences for *different offenses*—is precisely the sort of argument that the Supreme Court in *Wheeler* stated that the proportionality clause of Article I, section 16, does *not* entertain. 343 Or at 656. As we have noted, under *Wheeler*, the focus of a state constitutional proportionality challenge must be whether the sentence is proportionate to "the offense," not to other offenses. *Id.* The only exception to that, as *Wheeler* emphasized, involves a challenge based on a comparison of penalties for lesser- and greater-included offenses. There is no such challenge in this case.

Defendant contends that, even if a comparison with sentences for other offenses is not relevant, the sentence required for this offense is so excessive as to shock the moral sense of reasonable persons. Defendant does not explain why that is so, however. Nor does he explain why the legislature's assessment of the seriousness of the offense at issue is not at least minimally rational. And he does not explain how his assertion as to the disproportionality of his sentence can be

reconciled with our analysis and conclusion in *Pardee*. In short, we conclude that defendant's sentence of 300 months of incarceration on a single count of first-degree unlawful sexual penetration does not violate the proportionality clause of Article I, section 16.

■ That leaves defendant's federal constitutional challenge. The Eighth Amendment to the United States Constitution prohibits the imposition of "cruel and unusual" punishment. Unlike Article I, section 16, the Eighth Amendment does not include a separate proportionality guarantee. Whether the Eighth Amendment nevertheless contains an implicit proportionality guarantee is a subject that rather starkly divides the United States Supreme Court. At one time, the Court held that the federal constitution implicitly prohibits "sentences that are disproportionate to the crime committed." *Solem v. Helm*, 463 US 277, 284, 103 S Ct 3001, 77 L Ed 2d 637 (1983). More recently, however, at least three members of the Court have concluded that the Eighth Amendment contains no proportionality guarantee at all. *See Harmelin v. Michigan*, 501 US 957, 985, 111 S Ct 2680, 115 L Ed 2d 836 (1991) (opinion of Scalia, J., joined by Rehnquist, C. J.); *Ewing v. California*, 538 US 11, 32, 123 S Ct 1179, 155 L Ed 2d 108 (2003) (Thomas, J., concurring). In the meantime, a plurality has concluded that the Eighth Amendment includes only a "narrow proportionality principle," *Ewing*, 538 US at 20 (opinion of O'Connor, J., in which Rehnquist, C. J., and Kennedy, J., joined), which emphasizes the Court's "proper deference to the policy judgments that find expression in the legislature's choice of sanctions," *id.* at 29. *See also Wheeler*, 343 Or at 662 n 5 (commenting, in *dictum*, on the lack of a definitive test for assessing federal proportionality challenges).

In this case, defendant advances an abbreviated Eighth Amendment argument that consists of little more than the assertion that, for the same reasons that his sentence violates Article I, section 16, it also violates the Eighth Amendment. That is to say, he contends that the sentence of 300 months for a crime that involved "no violence and no significant physical injury" would shock the moral sense of reasonable people.

Whatever may be said about the precise contours of federal proportionality *analysis*, it seems at the very least to include the substantial deference to legislative policy judgments that the Oregon courts accord their evaluations of the constitutionality of sentences. Defendant does not explain, and we do not understand, how his contention that the sentence at issue in this case is unconstitutional can be reconciled with that required deference.

Moreover, defendant's argument concerning the unconstitutionality of his sentence of 300 months' incarceration for what he characterizes as a nonviolent offense cannot be reconciled with the *conclusions* of the federal cases. In *Harmelin*, for example, a majority of the Court upheld as against a proportionality challenge a sentence of life imprisonment for the offense of mere possession of cocaine, an offense that involved no violence and no significant injury to any other person. 501 US at 961, 996.

We conclude, therefore, that defendant's sentence of 300 months' incarceration for one count of first-degree unlawful sexual penetration does not violate the Eighth Amendment.

Affirmed.