On appellant's petition for reconsideration filed October 7, and respondent's response to petition for reconsideration filed October 22, 2009, reconsideration allowed, former opinion (231 Or App 11, 217 P3d 692 (2009)) modified and adhered to as modified July 14, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSHUA ALWINGER,
*Defendant-Appellant.*

Marion County Circuit Court
06C50666; A137479

236 P3d 755

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, for petition.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, for response.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant petitions for reconsideration of our decision in this case on the ground that there has been a subsequent change in the relevant case law. ORAP 6.25(1)(d). In our prior decision, *State v. Alwinger*, 231 Or App 11, 217 P3d 692 (2009), we affirmed the trial court's imposition of a legislatively prescribed 300-month prison term on a conviction for unlawful sexual penetration in the first degree. That sentence was imposed on the basis of ORS 137.700 (also known as "Jessica's Law"), which requires a mandatory 25-year prison term for offenses committed against young children that involve sexual penetration of the victim. On appeal, defendant did not challenge his conviction. Instead, he advanced an as-applied challenge to the constitutionality of his sentence, contending that it violates the proportionality guarantees of the state and federal constitutions. In defendant's view, 25 years in prison is too harsh a penalty for his conduct, that is, a single act of digital penetration that occurred briefly while he toweled off a three-year-old child after she had been playing in a sprinkler. We rejected the challenge and affirmed the trial court's imposition of the sentence.

In his petition for reconsideration, defendant contends that a subsequent decision of the Oregon Supreme Court, *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009), requires a "markedly different" proportionality analysis under the state constitution than the one that we applied in this case. Although we agree with defendant that reconsideration is appropriate in this case, we again reject defendant's proportionality challenge. We modify our former opinion accordingly and adhere to that opinion as modified.

In our prior decision in this case, we based our analysis of whether defendant's 300-month prison term violated the guarantee that "all penalties shall be proportioned to the offense" of Article I, section 16, of the Oregon Constitution on the principles described in *State v. Wheeler*, 343 Or 652, 175 P3d 438 (2007). According to *Wheeler*, a legislatively prescribed sentence is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution if it "shocks the moral sense of all reasonable people." *Id.* at 670.

Making such a determination, the court directed, includes an assessment whether the legislature's penalty is founded upon an "arguably rational basis." *Id.* Nevertheless, the court noted, the judiciary's role is "a limited one," out of "respect for the separation of powers and the legislature's authority to set criminal penalties." *Id.* at 672. Accordingly, the court observed, a penalty will be held unconstitutionally disproportionate "only in rare circumstances." *Id.* at 671.

■ The day after we issued our decision in this case, the Supreme Court decided *Rodriguez/Buck*. In that case, the court concluded that imposing a mandatory 75-month prison term on a first-degree sexual abuse conviction, pursuant to Ballot Measure 11 (1994), would be unconstitutional as applied to those particular defendants—individuals with no criminal history whose sexual contact with the victims was "minimal" and "brief." 347 Or at 70, 79. In reaching that conclusion, the court clarified the proper approach to a proportionality analysis under Article I, section 16. *Id.* at 56-67. While adhering to the traditional proportionality test—that is, whether imposition of the sentence would shock the moral sense of reasonable people—the court appears to have abandoned the "arguably rational basis" test described in *Wheeler*. *See Rodriguez/Buck*, 347 Or at 57-58. The court, instead, identified "at least three factors" that bear upon the "ultimate conclusion" whether a sentence would shock the moral sense of reasonable people: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *Id.* at 58.

■ Regarding the first factor, the court noted that "the primary determinant of the severity of a penalty is the amount of time that the wrongdoer must spend in prison or jail, if convicted of that offense." *Id.* at 60. And, when identifying a defendant's offense,

> "a court may consider, among other things, the specific circumstances and facts of the defendant's conduct that come within the statutory definition of the offense, as well as other case-specific factors, such as characteristics of the defendant and the victim, the harm to the victim, and the relationship between the defendant and the victim."

*Id.* at 62. Generally speaking, the court observed, " 'a greater or more severe penalty should be imposed for a greater or more severe offense, and conversely, * * * a less severe penalty should be imposed for a less severe offense.' " *Id.* (quoting *Wheeler*, 343 Or at 656).

Regarding the second factor, the court stated that, "[i]f the penalties for more 'serious' crimes than the crime at issue result in less severe sentences, that is an indication that the challenged penalty may be disproportionate." *Rodriguez/Buck*, 347 Or at 63. The court noted that Oregon's "elaborate listing of sex offenses" provides a useful basis for comparing the conduct constituting the crime and the penalty to other sex crimes, although the inquiry should be limited to "other crimes that have similar characteristics to the crime at issue." *Id.* at 65. The court cautioned that courts are not free to "roam * * * through the criminal code, deciding which crimes are more or less serious than others." *Id.* at 64.

Regarding the third factor, the court asserted that "a defendant's criminal history—including, necessarily, a defendant's lack of any criminal history—is relevant in determining whether a particular penalty is 'proportioned' to the offense." *Id.* at 67. As an example, the court observed that a penalty that is proportionate for a repeat sex offender is not necessarily proportionate for a first-time sex offender. *Id.*

Obviously, the foregoing analysis is different from the analysis in which we engaged in our prior opinion in this case. We turn, then, to the parties' contentions regarding the application of that analysis to this case.

Defendant insists that application of the factors described in *Rodriguez/Buck* demonstrates that his 300-month prison term is not proportionate to his offense. As to the first factor, defendant asserts that his lengthy prison sentence is too severe a penalty given the nature of his conduct, which he characterizes as a very brief, single act of digital penetration that "resulted in no physical injury apart from some redness and irritation." He notes that, under Measure 11, the mandatory prison term for the same offense would have been 100 months and that, under the sentencing guidelines, his prison term would have been between 71 and 80 months.

As to the second factor, defendant argues that his prison term would shock the moral sense of all reasonable people because it is the same as if he had raped or intentionally murdered the child. Further, defendant continues, Jessica's Law subjects him to lifetime post-prison supervision (at least 10 years of which includes active monitoring); therefore, his sentence could actually be *more* harsh than that for intentional murder, a result that he contends would certainly shock the moral sense of all reasonable people.

As to the third factor, defendant acknowledges that he has twice been convicted of burglary, one of which involved his entry into a dwelling to steal a pair of women's panties. Nevertheless, defendant asserts that the fact that he has never been convicted of another *sex offense* weighs in favor of his argument that his sentence is disproportionate.[1]

The state maintains that a 300-month prison term is not unconstitutional as applied to defendant's conduct in this case. According to the state, defendant's comparison to intentional murder is unhelpful, in that intentional murder and unlawful sexual penetration are "related only in that both are offenses against persons." Regarding defendant's comparison to rape and the assertion that imposing the same prison term for that offense as for unlawful sexual penetration demonstrates that the latter is disproportionate, the state argues that "it strains credulity to assert, either implicitly or explicitly, that digital penetration is less serious than rape * * * [because] [b]oth acts involve forcible penetration against a child." In the state's view, the fact that "a defendant would receive the same sentence for penetrating a child with a finger and penetrating a child with a penis could not shock the moral sense of all reasonable people." "[G]iven the similarity between the acts," the state continues, "this court should defer to the legislature's role in determining which crimes should be considered more serious and subject to

---

[1] Alternatively, defendant urges this court to simply remand the case for resentencing for the trial court "to resolve any necessary factual issues and apply the correct analysis to defendant's proportionality challenge." In defendant's view, the trial court committed reversible error because it declined even to consider defendant's as-applied challenge to the constitutionality of his sentence. That argument does not depend on a change in the case law, and defendant advances it for the first time on reconsideration. We reject it without discussion.

harsher penalties." Furthermore, the state asserts, it is important to consider the fact that defendant has a criminal history—even if neither is a sex offense *per se*—and that "the previously imposed sentences did not prevent defendant from returning to his criminal behavior."

■ We conclude that the *Rodriguez/Buck* factors lead to the same conclusion that we reached in our first opinion. In comparing the penalty and the offense in this case—the first factor identified by the Supreme Court in *Rodriguez/Buck*—we note that, although 25 years in prison is a very lengthy sentence, unlawful sexual penetration of a three year old is a very serious crime. Defendant's characterization of his conduct as a brief and singular act that caused "no physical injury apart from some redness and irritation" does little to minimize the severity of his offense, especially given the fact that his conduct was aimed at a particularly vulnerable victim.

■ The second factor described in *Rodriguez/Buck* involves a comparison of the penalty with the penalty for other, related crimes. Defendant's assertion that Jessica's Law imposes a harsher penalty for unlawful sexual penetration than for intentional murder is flawed, because a person convicted of murder who has served 25 years in prison is not entitled to release at that point but only to a review hearing to consider whether that person may be a candidate for release. *See State v. Shaw*, 233 Or App 427, 437-38, 225 P3d 855, *rev den*, 348 Or 415 (2010) (addressing and rejecting a similar argument comparing the 300-month Jessica's Law prison term for rape and the prison term for intentional murder). As for defendant's contention that his sentence is disproportionate because it is the same as if he had committed rape instead of unlawful sexual penetration, we agree with the state that those offenses are similar enough that it is within the legislature's role to decide that they justify the same penalty. The fact that defendant's sentence includes lifetime post-prison supervision, 10 years of which includes active monitoring, does not change our conclusion. *See id.* at 438 (concluding that, as part of the sentence on a conviction for the forcible rape of an 11-year-old, a lifetime term of post-prison supervision is a "constitutionally permissible, proportionate response by the legislature to the seriousness of the offense and the vulnerability of the victim").

The third factor—the criminal history of defendant —also suggests that his 300-month prison term is not disproportionate to his conduct in this case. Defendant does not have a clean criminal record. Instead, he has been convicted twice for burglary, which is a serious crime. The court in *Rodriguez / Buck* did not state that a court's consideration of a defendant's criminal history is limited to the same or similar offenses. Defendant's previously imposed sentences did not prevent him from engaging in criminal behavior, and, for that reason, his lengthy prison term is more proportionate than it might be for a defendant with no criminal history whatsoever.

In short, we cannot say that this is a "rare" case in which defendant's penalty would shock the moral sense of reasonable people and, thus, violates the proportionality guarantee of Article I, section 16. Regarding defendant's claim under the Eighth Amendment to the United States Constitution, we adhere to our analysis of that provision in our previous opinion.

Reconsideration allowed; former opinion modified and adhered to as modified.