Argued and submitted December 21, 2011, affirmed June 20, petition for review denied October 4, 2012 (352 Or 564)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRADLEY LEE HOOVER,
*Defendant-Appellant.*

Washington County Circuit Court
C090804CR; A144350

280 P3d 1061

Ryan T. O'Connor, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

After a bench trial, defendant was convicted of two counts of sexual abuse in the first degree and one count of first-degree sexual penetration, ORS 163.411(1)(b).[1] On appeal, defendant does not contest his convictions for sexual abuse, but asserts that the trial court erred in denying his motion for judgment of acquittal on the count of sexual penetration (Count 2), and contends that the 300-month sentence imposed by the trial court for that conviction is disproportionate in violation of state and federal constitutional protections against cruel and unusual punishment. We affirm.

As pertinent, a person commits the crime of unlawful sexual penetration

"if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor."

ORS 163.411(1). The degree of the offense is elevated if the victim is under age 12 or if force is used.

Defendant was charged with first-degree unlawful sexual penetration by penetrating the vagina of the victim, a child under the age of 12, with his finger. The evidence, viewed in the light most favorable to the state, *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998), shows the following: During a CARES interview, an employee told the victim, a nine-year-old girl, that the vagina has two parts—the part on the outside where the skin touches the underwear, and the part on the inside. The victim told the CARES employee that

---

[1] ORS 163.411 provides:

"(1) Except as permitted under ORS 163.412, a person commits the crime of unlawful sexual penetration in the first degree if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor and:

"(a) The victim is subjected to forcible compulsion;

"(b) The victim is under 12 years of age; or

"(c) The victim is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness.

"(2) Unlawful sexual penetration in the first degree is a Class A felony."

defendant's finger touched her on the "inside." At trial, without defining "vagina," the prosecutor asked the victim whether defendant's finger went inside her vagina, and the victim answered, "Yes." Defendant admitted that he had digitally fondled the victim in the genital area, including "just between her lips," but he denied penetration of his finger into the vagina.

At the close of the state's evidence, defendant moved for judgment of acquittal on Count 2, asserting that the evidence was insufficient to support a finding that there was penetration of the vagina. The trial court denied the motion, ruling that, viewing the evidence in the light most favorable to the state, there was sufficient evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that there was penetration.

During closing argument, the prosecutor argued that, for the offense of unlawful sexual penetration, the type of penetration that is necessary is the same as that required for "sexual intercourse" as defined in ORS 163.305(7)—"any penetration, however slight"—and that the evidence was sufficient to establish penetration.[2] The trial court ultimately convicted defendant of the charged offense.

The term "penetration" is not defined in the statutes. On appeal, defendant speculates that the trial court might have based its finding on the definition of "penetration" described by the prosecutor in closing argument, which he contends is incorrect in the context of the offense of unlawful penetration. In support of his argument, defendant refers the court to anatomy books and dictionary definitions of "vagina," which he contends make clear that the vagina is a canal beyond the hymen. He notes that the term "penetrate" means "to pass into or through; (1): to extend into the interior of." *Webster's Third New Int'l Dictionary* 1670 (unabridged ed 2002). In defendant's view, an object "penetrates" the vagina

---

[2] *See State v. Hollywood*, 67 Or App 546, 680 P2d 655, *rev den*, 298 Or 553 (1984) (evidence in prosecution for first-degree rape and attempted rape, including testimony of child that defendant "hit" her and that he "hurt" her with his "thing," and testimony of a doctor who examined the child that an attempt had been made to forcibly penetrate the child's vagina, as demonstrated through irritation of the outer lips of her genitalia, were sufficient for the jury to infer that penetration had occurred, and thus, sufficient to sustain conviction).

for purposes of ORS 163.411 only if it enters the vaginal canal, which would require that the object pass beyond the exterior genitalia and through the vaginal opening *and* the hymen. By that definition, defendant contends, no rational trier of fact could have found beyond a reasonable doubt from the evidence presented at trial that defendant's finger penetrated the victim's vagina, and the testimony supports only an inference that defendant touched the victim's external genital organs, which he contends is not sufficient to establish penetration under ORS 163.411.

To the extent that defendant tries to make penetration of the "hymen" a necessary component of the offense, we conclude that there simply is no textual support for his argument. The phrase at issue is "penetrates the vagina." Neither the definition of "penetrate" cited above, nor the definition of "vagina," logically require reference to a hymen. *See Webster's* at 2528 (defining vagina as "a canal that leads from the uterus of a female mammal to the external orifice of the genital canal"); *Stedman's Medical Dictionary* (27th ed 2000) (defining vagina as "[t]he genital canal in the female, extending from the uterus to the vulva").

To the extent that defendant is suggesting that there is insufficient evidence of penetration of the vagina, we disagree. As we did in *State v. Gonzales*, 241 Or App 353, 357, 250 P3d 418, *rev den*, 350 Or 571 (2011), we assume the correctness of defendant's argument that "penetration" for purposes of ORS 163.411 requires proof that the vagina, rather than the external genitalia, was penetrated. As we implied in *Gonzales*, for purposes of ORS 163.411, the relevant distinction is between touching between the labia and penetrating beyond that to the vagina. 241 Or App at 357-58. However, we reject defendant's argument that the phrase "penetration, however slight," as used in the definition of sexual intercourse in ORS 163.305(7), and as mentioned by the prosecutor in closing argument in this case, is inapt in the context of the offense of unlawful sexual penetration and somehow misled the trial court. The offense is committed by penetration of the vagina; "slight" penetration of the vagina is sufficient. Contrary to defendant's contention, there is no indication on this record that, in determining that there was penetration, the trial court mistakenly believed, based on the prosecutor's

argument, that penetration meant only inside the victim's external genitalia and not inside her vagina.

Here, the victim was asked whether, when defendant touched her, any part of his hand or finger went inside her vagina. She responded unequivocally, "Yes." Defendant contends that the evidence, in particular the CARES employee's explanation of "vagina" to the victim, suggests that the victim's testimony may have been based on a misunderstanding of the meaning of that term. That is a question that defendant could have explored on cross-examination, but did not. As the record developed at trial, there was no ambiguity in the victim's testimony, and the evidence was therefore sufficient to support the finding of penetration.

Defendant assigns error to the presumptive sentence of 300 months' incarceration imposed on Count 2, contending that it violates Article I, section 16, of the Oregon Constitution as disproportionate to the offense. We rejected the identical contention in *State v. Alwinger*, 231 Or App 11, 217 P3d 692 (2009), *adh'd to as modified on recons*, 236 Or App 240, 236 P3d 755 (2010), and we reject it here.

Affirmed.