Submitted January 16, 2020; conviction on Count 4 reversed and remanded, remanded for resentencing, otherwise affirmed March 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY JAY GASSNER,
*Defendant-Appellant.*

Crook County Circuit Court
16CR47092; A167855

483 P3d 1207

On appeal, defendant assigns error to the trial court's instruction that the jury could convict defendant of felony crimes without unanimously finding him guilty, and he assigns error to the sentence imposed. The state concedes that the trial court erred in instructing the jury that its verdict need not be unanimous and in accepting the nonunanimous verdict on Count 4. *Held*: The Court of Appeals concluded that the trial court erred in instructing the jury that its verdicts need not be unanimous and in accepting the nonunanimous verdict on Count 4. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Defendant was not entitled to reversal as to the unanimous verdicts on the remaining 12 counts. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (concluding that, in like circumstances, the "trial court's instruction to the jury that it could return a nonunanimous verdict did not amount to a structural error and was harmless beyond a reasonable doubt"). The disposition obviated the need to address the sentencing issues on their merits.

Conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

Daniel Joseph Ahern, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

**LAGESEN, P. J.**

Defendant appeals from a judgment of conviction for five counts of first- degree sodomy, ORS 163.405 (Counts 1, 6, 7, 8, and 13); seven counts of first-degree rape, ORS 163.375 (Counts 2, 3, 4, 5, 9, 11, and 12); and one count of first-degree unlawful sexual penetration, ORS 163.411 (Count 10). For the reasons explained below, we reverse the conviction on Count 4 and otherwise affirm.

Because it is dispositive, we first address defendant's last three assignments of error in which he challenges the trial court's nonunanimous jury instructions. Defendant asked the court to instruct the jury that its verdicts must be unanimous. The court denied defendant's request, explaining, "And current case law in Oregon does not require it, and I think law is better made at the appellate level than the trial level, so I'm going to follow the current law that allows 10-2 verdict in felony cases." The court instructed the jury that it could find defendant guilty by nonunanimous verdicts. Defendant excepted to the court's instruction. The jury returned unanimous verdicts on all counts except Count 4. The vote on Count 4 was 11-1. The trial court accepted the jury's verdicts.

The state concedes that the trial court erred in instructing the jury that its verdict need not be unanimous and in accepting the nonunanimous verdict on Count 4. We agree that that was error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and accept the state's concession. As to the unanimous verdicts, defendant is not entitled to reversal in view of the Supreme Court's decision in *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020). There, the court concluded, in like circumstances, that the "trial court's instruction to the jury that it could return a nonunanimous verdict did not amount to a structural error and was harmless beyond a reasonable doubt."

Defendant's remaining assignments of error address sentencing decisions by the trial court. Because the reversal of defendant's conviction on Count 4 will require resentencing, we address them briefly to facilitate the court's sentencing decision on remand.

In the first assignment of error, defendant argues that the trial court improperly punished him for exercising his state and federal constitutional rights to a jury trial by imposing a harsher sentence based on his exercise of those rights. In support of that argument, defendant points to the following statement by the court explaining the factors bearing on its sentencing decision:

> "But by maintaining your innocence and not taking any responsibility for your action, you have forced the victim to have to testify in trial, have to share her abuse, you know, and have this pending for—I think the attorney said it was filed in July. You know, it's been almost two years since the secret indictment was returned. It's been almost three years since the last allegation of abuse as opposed to situations where the cases are resolved quicker and the victim can have some closure.

> "This abuse started in 2012. We're in 2018. So, literally, this person has deal[t] with this for more than—way more than half of her life. About two-thirds of her life. And that's disappointing for the Court."

Defendant is correct that "[a] court must impose a sentence based solely on the facts of the case and the defendant's personal history, and not as punishment for pleading not guilty and proceeding to trial." *State v. Qualey*, 138 Or App 74, 76, 906 P2d 835 (1995) (citations omitted). Here, the trial court did not explicitly state that defendant's exercise of his right to trial was a factor considered by the court in its sentencing. The court's statement on the record, however, suggests that it may have viewed defendant's exercise of his constitutional rights as aggravating factors for the purposes of sentencing. Defendant did not object on that ground, and, in light of our remand, we need not resolve that issue in a plain error posture. On resentencing, the court will be able to take into account our holding in *Qualey* that a criminal defendant has state and federal constitutional rights to trial by jury and cannot, consistent with either constitution, be subjected to punishment in the form of a harsher sentence for exercising those rights.

Finally, in his remaining assignments of error, defendant argues that the imposition of consecutive 300-month terms of incarceration on two of his convictions has

resulted in an unconstitutionally disproportionate sentence, in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. To the extent the issue may recur on resentencing, we note that we have consistently rejected nearly identical arguments in previous cases. *See, e.g.*, *State v. Hoover*, 250 Or App 504, 508, 280 P3d 1061, *rev den*, 352 Or 564 (2012) (holding that 300-month sentences under Jessica's Law are constitutional both under Article I, section 16, and the Eighth Amendment); *State v. Alwinger*, 231 Or App 11, 18-19, 217 P3d 692 (2009), *adh'd to as modified on recons*, 236 Or App 240, 236 P3d 755 (2010) (holding the same).

Conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.