***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted April 20, conviction on Count 5 reversed, remanded for resentencing, otherwise affirmed June 28, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD JAMES MICHAEL BONINE,
*Defendant-Appellant.*

Lane County Circuit Court
20CR13294; A176808

Charles M. Zennaché, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Conviction on Count 5 reversed; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of one count of first-degree unlawful sexual penetration, ORS 163.411 (Count 1), and two counts of using a child in a display of sexually explicit conduct, ORS 163.670 (Counts 3 and 5), based on conduct involving two children.[1] In three assignments of error, he challenges (1) the denial of his motion for judgment of acquittal on Count 5; (2) imposition of a 300-month sentence on Count 1, which he claims is unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution; and (3) imposition of a 300-month sentence on Count 5, which he also claims is unconstitutionally disproportionate. As described below, we reverse defendant's conviction on Count 5, reject defendant's challenge to his current sentence on Count 1, and reverse and remand for resentencing on Counts 1 and 3.

*Motion for judgment of acquittal on Count 5.* On appeal, we apply the law as it exists at the time of our decision. *State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003). Here, the state concedes that, in light of our recent opinion in *State v. Parra-Sanchez*, 324 Or App 712, 527 P3d 1008 (2023), the trial court erred in denying defendant's motion for judgment of acquittal on Count 5. We accept the state's concession as well taken. Accordingly, we reverse defendant's conviction on Count 5. That obviates the need to address his challenge to the sentence on Count 5.

*Sentence on Count 1.* Defendant argues that his 300-month sentence on Count 1 is unconstitutionally disproportionate to his crime and thus cruel and unusual punishment that violates Article I, section 16. Both parties ask us to address the constitutionality of defendant's current sentence on Count 1, notwithstanding the fact that defendant will be resentenced as a result of our reversal of his conviction on Count 5. *See* ORS 138.257(4)(a)(A) ("The appellate court shall remand the case to the trial court * * * [i]f the appellate court, in a case involving multiple convictions, reverses at least one conviction and affirms at

---

[1] Defendant was acquitted on Counts 2, 6, 7, 8, 9, 10, 11, and 12. He was found guilty on Count 4, but that verdict merged with the verdict on Count 3.

least one other conviction."); ORS 138.257(4)(b) ("In a case remanded under this section, the trial court, after issuance of the appellate judgment, may impose a new sentence for any conviction."). We agree that the issue is likely to arise again on remand, given that defendant's prison sentence is the mandatory minimum for first-degree unlawful sexual penetration of a victim under 12 years of age, and given that the trial court has already rejected his constitutional arguments. We therefore address it.

Article I, section 16, provides that "[c]ruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." "If the mandatory sentence would violate Article I, section 16, a court may impose a lesser sentence, not as a matter of discretion but to avoid a constitutional violation." *State v. Lara-Vasquez*, 310 Or App 99, 104, 484 P3d 369, *rev den*, 368 Or 561 (2021). Importantly, "[a] sentence may be harsh without being unconstitutionally disproportionate[.]" *Id.* at 110. We succinctly described our approach to disproportionality claims in *Lara-Vasquez*:

> "A punishment violates Article I, section 16, only if it is so disproportionate to the offense as to shock the moral sense of reasonable people. It is not the role of the courts to establish penalties for violations of criminal statutes; that is the province of the legislature and of the people acting through the initiative process. As such, in applying the protections of Article I, section 16, courts are not to second-guess the penalties chosen by the legislature or the people. It is only in rare circumstances that a statutory penalty will be deemed so disproportionate as to violate Article I, section 16. At least three factors bear on whether a punishment is so disproportionate that it would shock the moral sense of reasonable people: comparing the severity of the penalty and the gravity of the offense; comparing the penalties imposed for other, related crimes; and the criminal history of the defendant."

*Id.* at 104 (internal quotation marks and citations omitted); *see State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (identifying the three factors).

We first compare the severity of the penalty, 300 months (25 years) in prison, and the gravity of the offense. In assessing the gravity of the offense, we consider "the general

definition of the crime, the specific circumstances and facts of defendant's conduct, characteristics of defendant and the victim, the harm to the victim, the relationship between defendant and the victim, and other case-specific factors." *Lara-Vasquez*, 310 Or App at 105. Applying those considerations, we conclude that, although 25 years in prison for a single incident of inserting a Q-tip into a 14-month-old child's rectum is quite harsh, it is not greatly disproportionate to the gravity of the offense.

Most significantly, defendant's conduct falls squarely within the type of conduct covered by ORS 163.411, rather than lying at the outer edge of what it covers. A person commits first-degree unlawful sexual penetration if the person "penetrates" the anus of a person under 12 years of age with "any object" other than the person's mouth or penis. ORS 163.411(1)(b); *see also State v. Hoover*, 250 Or App 504, 507, 280 P3d 1061, *rev den*, 352 Or 564 (2012) (holding that slight penetration is sufficient for first-degree unlawful sexual penetration). Defendant contends that his conduct is less egregious because, although the record allows an inference that he acted in part for his own sexual gratification, it also shows that he acted in part due to a sincere (if misguided) desire to provide medical care. The jury necessarily found otherwise, however, when it found defendant guilty of display for videorecording the incident. *See* ORS 163.670(1) (requiring "sexually explicit conduct" by a child as an element of the crime of display); ORS 163.665(3)(c) (defining "sexually explicit conduct" to *exclude* penetration of the rectum by an object as part of "medical * * * treatment").

Further, the victim was especially vulnerable due to his young age and his disability, and defendant was in a relationship of trust as his foster parent. *See State v. Alwinger*, 236 Or App 240, 246, 236 P3d 755 (2010) (stating that, "although 25 years in prison is a very lengthy sentence, unlawful sexual penetration of a three-year-old is a very serious crime," and that the defendant's "characterization of his conduct as a brief and singular act that caused no physical injury apart from some redness" did not reduce the severity of the offense, especially as it was committed against a particularly vulnerable victim). Finally, in addition to any discomfort that the victim may have experienced,

defendant's conduct was "dangerous" (in the doctor's words) in that it created the risk of a bowel rupture, which adds to the risks of harm to the victim. *See Rodriguez/Buck*, 347 Or at 59-60 & n 7, 63 (providing for consideration of threatened harms).

We next compare the penalties imposed for other, related crimes, as the second factor in assessing a disproportionality claim. We summarily reject defendant's comparison of his punishment to the sentences for *unrelated* crimes such as murder and assault.[2] As for defendant's argument that the same 25-year mandatory minimum prison sentence applies to the "arguably worse" sexual offenses of first-degree rape of a child under 12 years of age, ORS 137.700 (2)(b)(D), and first-degree sodomy of a child under 12 years of age, ORS 137.700(2)(b)(E), it is true that the legislature has imposed the same mandatory minimum sentence "for various sexual offenses committed against young children that, like rape, involve sexual penetration of the victim." *State v. Shaw*, 233 Or App 427, 438, 225 P3d 855, *rev den*, 348 Or 415 (2010). However, rather than aiding defendant's disproportionality claim, that fact indicates to us that the legislature views each of those offenses as equally grave. *See Alwinger*, 236 Or App at 246 (stating that first-degree unlawful sexual penetration of a child under 12 years of age and rape of a child under 12 years of age are "similar enough [offenses] that it is within the legislature's role to decide that they justify the same penalty").

Defendant's strongest argument regarding the penalties for other, related crimes is that first-degree sexual abuse, ORS 163.427, carries a 75-month mandatory minimum prison sentence, ORS 137.700(2)(a)(Q). First-degree sexual abuse includes any "sexual contact" with a person under 14 years of age. ORS 163.427(1)(a)(A); *see* ORS 163.431

---

[2] *See Rodriguez/Buck*, 347 Or at 65 (looking at the penalties imposed for crimes with "similar characteristics to the crime at issue," *i.e.*, other Oregon sex crimes, and noting that it would be difficult to compare unrelated crimes); *State v. Shaw*, 233 Or App 427, 437, 225 P3d 855, *rev den*, 348 Or 415 (2010) (explaining that the defendant's comparison of the penalties for intentional murder to the 25-year mandatory minimum sentence for first-degree rape of an 11-year-old child, the defendant's crime of conviction, was problematic, in part because it "asks us to conduct an open-ended inquiry into the relative seriousness of unrelated criminal offenses").

(adopting definition of "sexual contact" in ORS 163.305); ORS 163.305(5) ("'Sexual contact' means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."). It is within the legislature's purview, however, to decide that sexual *penetration* is much more serious and deserves a much greater penalty than sexual *contact*. It is also within the legislature's purview to decide that an offense against a child under 12 years of age is especially egregious. In the end, we are unpersuaded that a comparison of the penalties imposed for other, related crimes supports defendant's claim of disproportionality.

The final factor—defendant's criminal history—does weigh in his favor. Defendant has no prior criminal history, and his convictions on Counts 1 and 3 arise from a single act involving a single victim. Defendant's lack of criminal history is not enough, however, to overcome the other considerations that lead us to conclude that his sentence is not unconstitutionally disproportionate to the offense. "Although criminal history is one factor that could, along with the other factors, demonstrate that a penalty is disproportionate under the circumstances of a particular case, the lack of prior convictions alone has never been sufficient to render an otherwise constitutional penalty disproportionate under Article I, section 16." *Shaw*, 233 Or App at 439.

"It is not the role of this court to second-guess the legislature's determination of the penalty or range of penalties for a crime." *Rodriguez/Buck*, 347 Or at 58. Rather, we may interfere with a legislatively mandated sentence "only if it is so disproportionate to the offense as to 'shock the moral sense' of reasonable people" and, thus, violates Article I, section 16. *Lara-Vasquez*, 310 Or App at 104 (quoting *Rodriguez/Buck*, 347 Or at 57-58). Having considered the relevant factors, we cannot say that defendant's sentence meets that high standard.

Conviction on Count 5 reversed; remanded for resentencing; otherwise affirmed.