540 May 14, 2025 No. 433

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID MICHAEL SMITH,
*Defendant-Appellant.*

Washington County Circuit Court
22CR25932; A182311

Oscar Garcia, Judge.

Argued and submitted April 15, 2025.

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Kyleigh Gray, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant rented a room in the home where a child, her mother, and her mother's boyfriend lived. The issues in this case relate to incidents in which defendant interacted with the child. Defendant appeals a judgment of conviction for unlawful sexual penetration in the first degree (Count 1), ORS 163.411 (2021), amended by Or Laws 2023, ch 407, § 4, and two counts of sexual abuse in the first degree (Counts 2 and 3), ORS 163.427, entered after a jury trial.

He assigns two errors: (1) that the trial court erred in denying his motion for judgment of acquittal on Count 1, unlawful sexual penetration in the first degree and (2) that the trial court erred in denying his motion *in limine* with regard to a CARES Northwest video. After considering the parties' arguments and relevant case law, and reviewing the written record and the video evidence, we affirm.

Regarding his first assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on Count 1 because there was legally insufficient evidence to prove the penetration element of unlawful sexual penetration. *See* ORS 163.411(1) (2021) (defining the offense of first-degree unlawful sexual penetration to include penetration of vagina of child under 12 years of age with an object other than the actor's penis or mouth); *State v. Hoover*, 250 Or App 504, 507, 280 P3d 1061, *rev den*, 352 Or 564 (2012) ("The offense is committed by penetration of the vagina; 'slight' penetration of the vagina is sufficient.").

Defendant cites *State v. Gonzales,* 241 Or App 353, 358, 250 P3d 418, *rev den*, 350 Or 571 (2011), and *Hoover*, 250 Or App at 507, to argue that the evidence in the record is legally insufficient regarding the requisite penetration of the child's vagina. That is, he argues that there "was not legally sufficient evidence, even in the light most favorable to the state, that defendant's finger ever entered the victim's vagina, as opposed to touching her external genitalia." The state responds that "[a]ssuming that penetration of the vagina (rather than the external genitalia) was required, the victim's statement that defendant had tickled her both

outside of her vagina, where the underwear touches, and inside, 'where the pee comes out,' when viewed in the light most favorable to the state, permits a rational factfinder to infer that defendant penetrated the victim's vagina with his finger."

"We review a trial court's denial of a motion for judgment of acquittal *** to determine whether, viewing the evidence in the light most favorable to the state and accepting reasonable inferences and credibility determinations, a rational factfinder could have found the elements of the crime beyond a reasonable doubt." *State v. Lujano-Rosales*, 338 Or App 531, 533-34, ___ P3d ___ (2025). We agree with the state that the evidence in this case, particularly the testimony of the mental health provider from CARES Northwest, the detective, and the child, and the child's statements in the CARES Northwest video, was legally sufficient to allow the jury to find that penetration was proved. The trial court did not err in denying defendant's motion for judgment of acquittal on the charge of unlawful sexual penetration in the first degree.

Regarding his second assignment of error, defendant argues that the trial court erred in denying his "motion *in limine* with regard to the CARES Northwest video." In that motion, defendant contended that the video should be excluded, as the statements of the child in the video would constitute a "needless presentation of cumulative evidence," and that the trial court was "required to conduct a balancing test." On appeal, defendant repeats those arguments, contending that "playing the interview video constituted the needless presentation of cumulative evidence," that the trial court "did not conduct the required OEC 403 balancing test," and that the trial court should have excluded the video under OEC 403. The state responds that defendant's argument about OEC 403 balancing is unpreserved, and that the trial court properly admitted the video because it contained additional "important details about defendant's conduct" and thus "was not cumulative." The state further argues that to the extent the video "may have contained cumulative information, the trial court acted within its discretion by admitting the evidence," and that "the trial court

adequately balanced the probative value of the evidence against the potential concerns about the needless presentation of cumulative evidence[.]"

This court reviews a trial court's decision to admit evidence under OEC 403 for abuse of discretion. *State v. Slay*, 331 Or App 398, 401, 545 P3d 768, *rev den*, 372 Or 560 (2024). As it relates to the exclusion of evidence a party contends is cumulative, that rule "requires a two-step inquiry: Whether the evidence at issue *is* cumulative and, if so, whether its probative value is substantially outweighed by consideration of its cumulative nature." *State v. Moore,* 324 Or 396, 409, 927 P2d 1073 (1996) (emphasis in original).

For purposes of our analysis, we assume that defendant preserved the issues raised in his second assignment of error. After considering the testimony and viewing the CARES Northwest video, we conclude that the evidence provided by that video was not cumulative. That is so because in the video the child, through her conversation with a mental health provider from CARES Northwest, provided an extended narrative of, and offered a broader context about, matters related to the relevant actions of defendant. That information provided through the video was not similarly offered through the testimonial evidence at trial (the child's teacher, the child, the child's mother, the detective, or the mental health provider from CARES Northwest). The video, in which child conversed with the mental health provider, thus provided a "qualitatively different" perspective of the context in which the alleged incidents occurred, and the matters related to the child's disclosures. *See State v. Hudson*, 279 Or App 543, 555, 380 P3d 1025 (2016) ("[E]vidence is cumulative when it 'demonstrates the same thing as other admitted evidence' but is not cumulative 'when it presents qualitatively different proof than other admitted evidence.'" (Quoting *State v. Bradley*, 253 Or App 277, 285, 290 P3d 827 (2012)).

Furthermore, to the extent that aspects of the video were cumulative, even though the trial court's expressed reasoning relating to admitting the video was limited, and acknowledging the abbreviated nature of that expressed reasoning, in "light of the parties' arguments" the trial court's

ruling "demonstrates that the court balanced the appropriate considerations" under OEC 403. *State v. Anderson,* 363 Or 392, 406, 423 P3d 43 (2018). Moreover, we cannot say that the video's "probative value is substantially outweighed by considerations of its cumulative nature." *See Moore*, 324 Or at 409. Thus, we conclude that the trial court did not abuse its discretion in admitting the evidence.

Affirmed.