No. 457 May 28, 2026 37

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA RUSSELL SCHOEN,
aka Joshua Schoen,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR10095; A182594

Ann M. Lininger, Judge.

Submitted June 17, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. Joshua Russell Schoen filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for four counts of first-degree unlawful sexual penetration (Counts 1, 3, 5, and 7) and four counts of first-degree sexual abuse (Counts 2, 4, 6, 8). He raises eight assignments of error arguing that the trial court plainly erred in (1) failing to merge the two guilty verdicts (sexual abuse and sexual penetration) for each of four separate penetrative acts, and (2) imposing a disproportionate 300-month prison sentence. Defendant also raises a *pro se* supplemental assignment of error challenging the admission of expert witness testimony as unfairly prejudicial.[1] We affirm.

The state charged defendant by indictment with four counts of first-degree unlawful sexual penetration and four counts of first-degree sexual abuse committed against his stepdaughter, T, when she was seven or eight years old. Defendant opted for a bench trial, at which T testified that defendant inserted his fingers into her vagina on four separate occasions. The trial court found defendant guilty as charged. At sentencing, defense counsel argued that, for each of the four separate incidents, the convictions for first-degree sexual abuse should merge with the convictions for first-degree unlawful sexual penetration under ORS 161.067. The court rejected that merger argument and imposed a sentence of 300 months total in prison. It imposed mandatory 300-month prison sentences on the first-degree unlawful sexual penetration convictions and 75-month prison sentences on the first-degree sexual abuse convictions, and ran the sentences concurrently.

We begin with defendant's constitutional challenge to the imposition of two convictions for each penetrative act. He argues that the trial court erred by failing to merge the guilty verdicts for first-degree sexual abuse with the corresponding guilty verdicts for first-degree unlawful sexual penetration, which would have resulted in one conviction, rather than two, for each of the four penetrative acts for

---

[1] In a second *pro se* supplemental assignment of error, defendant raises essentially the same proportionality arguments as in his fifth through eighth counseled assignments of error. As explained in this opinion, we conclude that the trial court did not impose a plainly disproportionate sentence, and therefore reject all of defendant's proportionality arguments.

which he was found guilty. Defendant bases that argument on an amendment to the first-degree unlawful sexual penetration statute, which provides that, "[w]hen multiple crimes are charged based on one penetrative act, the court * * * may enter only one conviction for the conduct." ORS 163.411(4). According to defendant, that amendment, which became effective after his sentencing date and which the legislature did not make retroactive, makes the imposition of two convictions for each penetrative act unconstitutional under the Eighth Amendment to the United States Constitution and Article I, section 20, of the Oregon Constitution.

We disagree. First, we note that defendant's argument is not preserved. Defendant's merger argument at sentencing, based on ORS 161.067(1), contended that the elements of first-degree sexual abuse are subsumed in the elements of first-degree unlawful sexual penetration. Defendant does not reprise that argument before us, and it was insufficient to preserve the constitutional arguments that he now raises on appeal. Second, for the reasons explained below, we conclude that the trial court's entry of eight convictions was not plainly unconstitutional for either of the reasons asserted by defendant. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (to establish plain error, a defendant must demonstrate, among other things, that the error was "obvious").

The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Defendant argues that the enactment of ORS 163.411(4) reflects a societal determination that multiple convictions for one penetrative act are disproportionate, and therefore, the imposition of two convictions for a single penetrative act obviously violates the Eighth Amendment. We are not persuaded by that argument. By its plain terms, the Eighth Amendment prohibits "cruel and unusual *punishments*." US Const, Amend VIII (emphasis added); *see also State v. Bartol*, 368 Or 598, 613, 496 P3d 1013 (2021) (explaining that "the amendment prohibits disproportionate sentences"). In this case, because defendant's sentences were to be served concurrently, it is not obvious that the

trial court's imposition of two convictions for each penetrative act resulted in an unconstitutionally disproportionate *punishment*. Defendant does not argue that he would have received a lesser sentence had the trial court merged the verdicts.

We briefly address defendant's reliance on the Supreme Court's decision in *Bartol*, which he cites in support of his constitutional argument. There, after the defendant was convicted of aggravated murder and sentenced to death, the legislature enacted Senate Bill 1013 (2019), which reclassified all the forms of murder that previously had been "aggravated murder" as "murder in the first degree," which cannot be punishable by death. *Id.* at 600-01. Although SB 1013 did not apply retroactively to sentences imposed before its effective date, the Supreme Court held that the defendant's death sentence for conduct that, could no longer be punished by death after the enactment of SB 1013, was unconstitutionally disproportionate.[2] *Id.* at 625. We are not convinced that *Bartol* is analogous to the situation presented in this case.

In *Bartol*, the court focused on the disparity in punishment that resulted from the new legislation—namely that "persons who engage in exactly the same conduct * * * can receive uniquely different sentences: one cannot be executed, but the other can." *Id.* at 624. In this case, where defendant's sentences were to run concurrently, there is no disparity in the length of sentence resulting from the entry of two convictions rather than one for each penetrative act. Furthermore, the Supreme Court emphasized that its decision in *Bartol* was "based on special proportionality rules that apply to the death penalty, which are the result of the unique differences between the death penalty and all other punishments." *Id.* at 625 n 9. For the foregoing reasons, we conclude that defendant has not identified an obvious violation of the Eighth Amendment such that the trial court

---

[2] The Supreme Court reached that conclusion under Article I, section 16, of the Oregon Constitution. Here, defendant argues against multiple convictions for a single penetrative act based on the Eighth Amendment to the United States Constitution. Both provisions prohibit disproportionate sentences. *Bartol*, 368 Or at 613.

plainly erred in entering two convictions whose sentences ran concurrently.[3]

Defendant also argues that it is a violation of Article I, section 20, of the Oregon Constitution for him to be treated differently, based solely on his sentencing date, than others who get the merger benefits of ORS 163.411(4). Article I, section 20, prohibits the passage of laws "granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." We have explained that that provision prohibits legislation which disparately treats "true classes," those that have identity apart from the challenged law itself. *Tanner v. OHSU*, 157 Or App 502, 521, 971 P2d 435 (1998). But legislation that disparately affects a "nontrue class," a class created by the challenged law, does not violate that section. *Id*. The class that defendant identifies—those treated differently based on the date of sentencing—is a nontrue class because it is created by the statute itself. The trial court did not plainly err under Article I, section 20.

We turn to defendant's challenge to the proportionality of his sentence.[4] He contends that the trial court plainly erred in imposing unconstitutionally disproportionate 300-month prison sentences for each unlawful sexual penetration conviction. We disagree that the trial court plainly erred. *See Vanornum*, 354 Or at 629 (to establish plain error, a defendant must demonstrate, among other things, that the error was "obvious"). We have previously upheld the same sentence under similar circumstances. *See State v. McCombs*, 330 Or App 545, 564-65, 544 P3d 390, *rev den*, 372 Or 718 (2024) (upholding 300-month prison sentences for sodomy and rape of a child despite the defendant's lack of prior criminal history); *State v. Alwinger*, 236 Or App 240, 246-47, 236 P3d 755 (2010) (300-month prison sentence was not unconstitutionally disproportionate for a single occurrence of digital penetration of a three-year-old child).

---

[3] We reiterate that because defendant's claim of error arises in an unpreserved posture, we review only for plain error—that is, whether the trial court's decision constituted obvious constitutional error under the Eighth Amendment.

[4] Defendant assigns error to the trial court's imposition of concurrent 300-month prison sentences in both his counseled and supplemental *pro se* briefs. We address all of defendants' arguments here.

Because any error is not obvious, we conclude that defendant's claims of error do not qualify for plain error review.

Finally, we address defendant's *pro se* supplemental assignment of error challenging the admission of the medical examiner's testimony at trial. We understand defendant to argue that the examiner's testimony was unfairly prejudicial because she gave a diagnosis of sexual abuse where there was no corroborating physical evidence, and that the trial court plainly erred in permitting that testimony. Defendant does not point to any specific statements by the examiner nor to any objection he made to any of the examiner's testimony. Based on our review of the record, the medical examiner did not give a medical diagnosis of sexual abuse as part of her testimony. The examiner merely explained that during the medical exam she listened to T's heart and lungs, but that T declined any other part of the exam, including a pelvic exam. The medical examiner's testimony was not unfairly prejudicial under OEC 403, and the trial court did not plainly err in permitting it.

Affirmed.