Submitted November 24, 2009, affirmed November 3, 2010, petition for review denied February 17, 2011 (349 Or 655)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS ALLAN WIESE, III,
*Defendant-Appellant.*

Linn County Circuit Court
07081708; A138481

241 P3d 1210

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

ORTEGA, J.

Defendant appeals a judgment of conviction for two counts each of sodomy in the first degree, ORS 163.405, and sexual abuse in the first degree, ORS 163.427, and one count of rape in the first degree, ORS 163.375. He assigns error to the trial court's imposition of concurrent sentences of 300 months for each count of sodomy and rape, arguing that those sentences are disproportionate to the offenses and are cruel and unusual punishment in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution.[1] For the reasons stated below, we affirm.

■ A sentence is disproportionate to the offense only if it "shock[s] the moral sense of all reasonable [persons] as to what is right and proper under the circumstances." *State v. Rodriguez/Buck*, 347 Or 46, 57-58, 217 P3d 659 (2009) (emphasis and internal quotations marks omitted). A punishment will be found to be disproportionately severe for a particular offense "only in rare circumstances." *State v. Wheeler*, 343 Or 652, 670, 175 P3d 438 (2007).

At a bench trial, the court found that defendant sexually abused his 11-year-old stepdaughter repeatedly for over a year, and sentenced him according to ORS 137.700, including the challenged mandatory minimum sentences of 300 months for each count of first-degree sodomy and first-degree rape. Defendant's criminal history includes convictions for robbery and assault. On appeal, defendant asserts that the mandatory 300-month sentences imposed under ORS 137.700 are disproportionate to the offenses at issue because he did not have any prior convictions for sexual crimes and because the victim did not suffer serious physical injury. Defendant also contends that his sentences are disproportionate in comparison to the sentence that would be imposed for intentional murder.

We begin by addressing defendant's arguments under the Oregon Constitution and agree with the state that

---

[1] We decline to address defendant's other assignment of error, challenging the admission of comments he made about his attorney, except to note that, if any error occurred, it was harmless in light of the other evidence.

this is not one of those "rare circumstances" where a punishment is disproportionately severe under Article I, section 16, so as to "shock the moral sense." *Rodriguez/Buck*, 347 Or at 57-58. At least these three factors identified by the Supreme Court bear on that conclusion: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *Id.*

Here, the severity of the penalty is congruent with the gravity of the crime—sexual abuse of defendant's 11-year-old stepdaughter on multiple occasions for more than a year—even though the victim did not suffer serious physical injuries. *Compare State v. Alwinger*, 236 Or App 240, 246-47, 236 P3d 755 (2010) (upholding a 300-month sentence for unlawful sexual penetration in the first degree even when the brief and singular sexual penetration of a child caused "no physical injury apart from some redness and irritation"). Likewise, as to the second factor, we have previously rejected a comparison of the penalties for sexual abuse of children with the penalties for intentional murder, and have upheld comparable sentences for crimes similar to defendant's. *Id.* at 244, 247 (quoting *Rodriguez/Buck*, 347 Or at 64 (we are not free to " 'roam * * * through the criminal code, deciding which crimes are more or less serious than others' ")). The third factor does not help defendant either. Defendant has convictions for two serious crimes on his record, robbery and assault, and his punishment for those serious crimes did not deter him from engaging in criminal behavior. As we have recognized, consideration of a defendant's criminal history for purposes of evaluating the constitutionality of his sentence is not limited to the same or similar offenses. *Alwinger*, 236 Or App at 247. Accordingly, defendant's sentences are not disproportionate or cruel and unusual punishment in violation of Article I, section 16.

Although defendant did not develop his argument under the Eighth Amendment to the United States Constitution, he is not entitled to relief under the federal constitution for similar reasons. *See State v. Thompson*, 328 Or 248, 254 n 3, 971 P2d 879, *cert den*, 527 US 1042 (1999) (we do not address constitutional claims in the absence of "thorough and focused constitutional analysis"); *Rodriguez/Buck*,

347 Or at 58-60 (analysis of the three factors under Article I, section 16, provide a sufficient basis to decide whether defendant's sentence was disproportionate and cruel and unusual under the Eighth Amendment to the United States Constitution).

Affirmed.