Argued and submitted January 22, affirmed November 27, 2013, petition for review denied May 8, 2014 (355 Or 380)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY KENT PARKER,
*Defendant-Appellant.*

Marion County Circuit Court
10C44228; A147862

314 P3d 980

Kendra M. Matthews argued the cause for appellant. With her on the briefs was Ransom Blackman LLP.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals judgments of conviction for 10 counts of first-degree encouraging child sexual abuse, challenging the constitutional proportionality of the sentences imposed in the judgments. ORS 163.684 (2009).[1] We review for errors of law to determine whether defendant's sentence "[e]xceeds the maximum allowable by law" or "[i]s unconstitutionally cruel and unusual." ORS 138.050; *State v. Barajas*, 254 Or App 106, 108, 292 P3d 636 (2012), *rev den*, 353 Or 747 (2013). We affirm.

Defendant was investigated for purchasing and using child pornography and was contacted by federal investigators in 2008. The investigation resulted in the discovery of hundreds of images and videos of child pornography on defendant's computer, including at least some videos depicting children being sexually abused by adults, as well as images of young children "posing." On June 25, 2010, defendant was indicted for 10 counts of first-degree encouraging child sexual abuse, a Class B felony. ORS 163.684(2). Defendant admitted that he had paid to access 10 to 15 child pornography websites and had illegally downloaded child pornography. Less than a month after the indictment, he pleaded guilty to each of those 10 counts. For the first four counts, the court sentenced defendant to imprisonment terms of 16, 27, 35, and 41 months' imprisonment, respectively, to run consecutively. For the other six counts, the court sentenced defendant to terms of 45 months' imprisonment, to run concurrently to all other counts. In aggregate, defendant was sentenced to 119 months of imprisonment.

---

[1] ORS 163.684 (2009), provided, in relevant part:

"(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) Knowingly develops, duplicates, * * * or sells a visual recording of sexually explicit conduct involving a child or knowingly possesses, accesses or views such a visual recording with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; or

"(B) Knowingly brings into this state, or causes to be brought or sent into this state, for sale or distribution, a visual recording of sexually explicit conduct involving a child; and

"(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse."

ORS 163.684 (2009) was amended by Oregon Laws 2011, chapter 515, section 3. Throughout this opinion, all references to ORS 163.684 are to the 2009 version.

Defendant assigns error to each of the individual sentences, as well as to the aggregate 119-month sentence. Defendant argues that the sentences—both individually and cumulatively—violate the proportionality clause of Article I, section 16, of the Oregon Constitution.[2]

We first briefly address and reject defendant's contention that the aggregate sentence of 119 months is unconstitutional. Defendant does not provide, nor are we aware of, any authority requiring a proportionality analysis with regard to a defendant's aggregate sentence. In *State v. Rodriguez/Buck*, 347 Or 46, 49, 217 P3d 659 (2009), the Supreme Court addressed constitutional proportionality challenges to each defendant's conviction for first-degree sexual abuse, ORS 163.427. As part of its analysis in that case, the court considered and compared only the mandatory 75-month sentence for first-degree sexual abuse to other "related crimes." *Id.* at 63. In *State v. Baker*, 233 Or App 536, 538, 226 P3d 125, *rev den*, 348 Or 414 (2010), the defendant pleaded guilty to five counts of second-degree sexual abuse and five counts of incest, for which the trial court imposed five consecutive 36-month presumptive terms of incarceration for sexual abuse and six-month sentences for each count of incest, to run concurrently to the consecutive sentences. The defendant challenged the proportionality of his sentences, a total of 180 months of imprisonment. *Id.* at 538. Similar to defendant in this case, the defendant in *Baker* compared his aggregate sentence, 180 months, to the mandatory minimum sentence of 100 months for one count of first-degree rape. *Id.* at 539. However, we observed that the proper comparison for the defendant's sentence "is between [the] defendant's sentences for *one* charge of second-degree sexual abuse and the sentence for *one* charge of rape." *Id.* at 540 (emphasis added). We determined that the defendant's sentences were *each* "substantially shorter than the 100-month mandatory minimum sentence for rape." *Id.* We conclude it is not appropriate to consider defendant's aggregate or cumulative sentence of 119 months to determine if his aggregate or cumulative sentence of 119 months is disproportionate to his 10 offenses.

---

[2] The proportionality clause of Article I, section 16, provides that "all penalties shall be proportioned to the offense."

As noted, defendant's case is similar to *Baker*. Defendant asks us to compare an aggregate sentence for multiple criminal convictions to a single sentence for a single criminal conviction and to determine that the penalty imposed for all his offenses is disproportionately severe. As we alluded to in *Baker*, that framework is simply untenable. The penalties imposed for defendant's conduct, indeed, must be proportioned to the gravity of his offenses. However, we cannot compare an aggregate sentence for 10 counts of first-degree encouraging child sex abuse to the maximum sentence for a single related crime.

We also disagree with defendant that his individual sentences are unconstitutional. "To determine whether the sentence is unconstitutionally disproportionate, we ask whether the sentence would 'shock the moral sense' of reasonable people when the sentence is compared with the offense." *Id.* at 539. In *Rodriguez/Buck*, the court identified "three factors that bear upon" whether a sentence would shock the moral sense of reasonable people for the purposes of Oregon's proportionality clause: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." 347 Or at 58.

Applying that test, defendant does not present one of those "rare circumstances" where the punishment is so disproportionately severe that it would shock the moral sense of reasonable people. *Id.* As to a comparison of the severity of the penalty and the gravity of the crime, defendant argues that his conduct, downloading images of child pornography, falls on the less severe end of the spectrum of conduct addressed within ORS 163.684. We disagree. The conduct addressed by ORS 163.684 addresses a relatively narrow spectrum of conduct and, contrary to defendant's contention, his conduct does not lie on the less severe end of that spectrum. Defendant's conduct lies somewhere in the middle of that spectrum and we need not, in this case, determine exactly where in the middle of the spectrum defendant's conduct lies. Defendant's crimes were serious, and the sentences are not individually incongruent with the gravity of his crimes. Defendant pleaded guilty to 10 counts of a Class B felony, each of which was subject to a 10-year

maximum sentence of imprisonment. ORS 163.684(2); ORS 161.605(2). Further, this point bears reiteration: Defendant's acts are inextricably and irreversibly tied to the sexual abuse of vulnerable children, *State v. Stoneman*, 323 Or 536, 541, 920 P2d 535 (1996). Defendant conceded in his sentencing memorandum that the pornography found on his computer involved "1,460 images and videos * * * 286 of which were original and not duplicates," and that that quantity of unique visual recordings suggested as many as 286 unique child victims. *See State v. Reeves*, 250 Or App 294, 310-11, 280 P3d 994, *rev den*, 352 Or 565 (2012) (concluding that each duplication of child pornography revictimizes the child being depicted and that a child anonymously depicted in pornography is still a "victim of the recorded act of abuse and the subsequent duplication of the recording"). Defendant also conceded that at least some of those depicted children were subject to "violent rape, sodomy or molestation," as the state had alleged. In other words, defendant's use of those websites necessarily implicated the harm of those children. *See Stoneman*, 323 Or at 550; *State v. Betnar*, 214 Or App 416, 423, 166 P3d 554 (2007) (construing ORS 163.684 and observing that "the dissemination of the depiction of the child sexual abuse * * * is further exploitative conduct that occurs after the abuse takes place").

Further, as we have noted in other cases involving sexual abuse and exploitation of children, the severity of defendant's offenses are not mitigated by an absence of physical harm, "especially given the fact that his conduct was aimed at a particularly vulnerable victim[,]" in this case, the children who are being sexually abused and whose images are duplicated for sexual gratification. *State v. Alwinger*, 236 Or App 240, 246, 236 P3d 755 (2010). Indeed, we have observed that ORS 163.684 "is aimed at the economic incentives for causing that harm" to children. *Betnar*, 214 Or App at 425.

Defendant, who was convicted and sentenced in Marion County, presented data regarding the sentencing of child pornography cases in other Oregon counties to support his contention that his sentence is unconstitutionally disproportionate. Defendant argued at sentencing, and again on appeal, that

"Marion County is the only [county] that places defendants in the eight to ten or ten-plus sentencing categories. And in those cases, other than in Marion County, the defendants have actual touching crimes * * * [o]r they have an extensive criminal history."

The state responds that *Rodriguez/Buck* requires a consideration of whether defendant's sentence was proportionate to his conduct and not whether defendant's conduct was comparable to another defendant's conduct and sentence.

Defendant pleaded guilty to 10 crimes, none of which were part of the same criminal episode, and each of the 10 crimes occurred between June 30, 2004 and December 31, 2009. Thus, each count was subject to consecutive sentences. ORS 137.123(2) ("If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct * * * the court may impose a sentence concurrent with or consecutive to the other sentence or sentences."). *But see* ORS 137.121 ("[T]he maximum consecutive sentences which may be imposed for felonies committed on or after November 1, 1989, * * * shall be as provided by rules of the Oregon Criminal Justice Commission."). Further, all of defendant's sentences fell within the range of presumptive sentences, and, in fact, defendant received the lowest possible presumptive sentence for each count that was sentenced consecutively.[3]

*Rodriguez/Buck* leaves open the possibility for courts to consider and compare the penalties imposed for other related crimes.[4] *Rodriguez/Buck*, 347 Or at 64. Here, however, we are not persuaded that defendant's sentences, when taken individually, are disproportionate as compared to other more serious and related crimes. Further, defendant's longest individual sentence, 45 months, is considerably less than, for example, the mandatory minimum

---

[3] The presumptive sentence for the first count is 16 to 18 months, and defendant received 16 months. The presumptive sentence for the second count is 27 to 28 months, and defendant received 27 months. The presumptive sentence for the third count is 35 to 40 months, and defendant received 35 months. The presumptive sentence for the fourth count is 41 to 45 months, and defendant received 41 months. OAR 213-004-0001.

[4] "That is not to suggest that a court may roam freely through the criminal code, deciding which crimes are more or less serious than others." *Rodriguez/Buck*, 347 Or at 64.

sentence of 75 months for the crime of first-degree sexual abuse, which requires contact with the victim. ORS 163.427; ORS 137.700(2)(a)(P). Defendant's individual sentences are also considerably less than the defendants' sentences held to be unconstitutionally disproportionate in *Rodriguez/Buck*.[5] And, as we noted, defendant's argument, based on a 119-month sentence for 10 judgments of conviction, is not an apt comparison to a single sentence resulting from a related crime.

Finally, defendant argues that he has no significant criminal history. As we have repeatedly recognized, "consideration of a defendant's criminal history for purposes of evaluating the constitutionality of his sentence is not limited to the same or similar offenses." *State v. Wiese*, 238 Or App 426, 429, 241 P3d 1210 (2010), *rev den*, 349 Or 655 (2011); *see also Alwinger*, 236 Or App at 247. Although defendant's only previous convictions were for two DUIIs, the trial court was not prohibited from considering those former offenses in determining defendant's sentence.[6] As noted, all of defendant's sentences were consistent with the lowest possible presumptive sentence for his crimes.

In sum, this case involved the downloading of hundreds of media files, and a multiplicity of victims were implicated in defendant's conduct—all of whom suffered harm from the creation and duplication of child pornography from defendant's illegal downloads of child pornography from multiple websites. Thus, we conclude that defendant's sentences are not constitutionally disproportionate.

Affirmed.

---

[5] In *Rodriguez/Buck*, the defendants challenged 75-month sentences. The court concluded that there was a minimal or limited extent to the defendants' criminal conduct, as compared to other first-degree sex abuse cases, suggesting, "preliminarily, that the penalty is not 'proportioned' to their offenses as required by Article I, section 16." *Rodriguez/Buck*, 347 Or at 71.

[6] On his first judgment of conviction, the trial court determined that defendant's criminal history was properly classified as "I," which is the lowest possible criminal history classification. Defendant did not challenge any of the trial court's classifications for the remaining convictions. Thus, the trial court, in fact, did not rely on defendant's two prior DUII convictions in determining the appropriate sentence.