No. 531 July 31, 2024 151

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIO LARIOS,
*Defendant-Appellant.*

Washington County Circuit Court
22CR33416; A180299

Oscar Garcia, Judge.

Submitted June 17, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of two counts of first-degree sodomy, ORS 163.405, and three counts of first-degree sexual abuse, ORS 163.427. On appeal, he raises 18 assignments of error. The first 12 assignments of error pertain to alleged prosecutorial misconduct in closing argument. The next five assignments of error pertain to the post-prison supervision (PPS) terms imposed at sentencing. The final assignment of error challenges defendant's 300-month sentence on Count 2 as unconstitutionally disproportionate. For the following reasons, we affirm.

*Closing Argument.* Defendant alleges that the prosecutor made numerous improper statements during closing argument and thereby deprived defendant of a fair trial. Defendant did not object to the statements when they were made, so he requests plain-error review. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (recognizing our discretion to correct "plain" errors). In this specific context, plain-error review "is permitted, and reversal may be warranted if it is beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (internal quotation marks omitted). To meet that standard, the prosecutor's statements must have been "so egregious that striking them or giving a curative instruction would have been insufficient." *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023). "In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *Id.* (emphasis in original).

Having considered each of the challenged statements, individually and collectively, we disagree with defendant that he was denied a fair trial under the *Chitwood* standard. To the extent that any of the statements were improper, they could have been adequately addressed by the court, had an objection been made, without the need for a mistrial. We therefore reject the first through twelfth assignments of error.

*PPS Terms.* Defendant challenges the PPS terms imposed on each of his five convictions. During the pendency of this appeal, the trial court entered an amended judgment that the parties agree resolves four of the alleged PPS errors. We therefore treat the thirteenth, fifteenth, sixteenth, and seventeenth assignments of error as withdrawn. We discuss only the fourteenth assignment of error, regarding the PPS term on Count 2.

The trial court originally imposed a 100-year PPS term on Count 2. In his opening brief, defendant challenged that term as unlawful, arguing that the trial court "could not impose any term of PPS because the 300-month prison sentence already exceeded the maximum indeterminate sentence." The state conceded in its answering brief that the 100-year PPS term was unlawful and took the position that the correct PPS term would be 20 years less time served. Meanwhile, the state sought and obtained an amended judgment from the trial court, which, as relevant here, changed the PPS term on Count 2 to 20 years less time served. In supplemental briefing, defendant argues that his PPS term on Count 2 is still plainly erroneous because the trial court lacked the authority to impose any PPS term.[1]

Defendant's PPS term on Count 2 is governed by ORS 144.103(1),[2] which requires that defendant serve a PPS term "that continues until the [PPS term], when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." First-degree sodomy is a Class A felony, ORS 163.405(2), so the maximum indeterminate sentence is 20 years, ORS 161.605(1). Defendant was sentenced under ORS 137.690 to a mandatory term of imprisonment of 300 months (25 years) on Count 2, and the judgment provides that he "may not be considered

---

[1] After being alerted to the PPS issue, the prosecutor moved for an amended judgment on January 22, 2024. The court entered an amended judgment on February 2, 2024. The court later entered another amended judgment on April 25, 2024, in response to a second state's motion to amend. Defendant has amended his notice of appeal to include the amended judgments. He did not respond to the state's motions to amend, however, so his fourteenth assignment of error remains in an unpreserved posture.

[2] Defendant's conviction is for first-degree sodomy under ORS 163.405(1)(c), so ORS 144.103(1) applies, rather than ORS 144.103(2)(b)(B), which would apply if his conviction was for first-degree sodomy under ORS 163.405(1)(b).

\* \* \* for any form of Reduction in Sentence, Conditional or Supervised Release Program, Temporary Leave from Custody, [or] Work Release." As currently sentenced, if defendant serves 25 years in prison, he will not serve any PPS term, because his time served will exceed 20 years.

Defendant argues that it is plain error to have imposed any PPS term on Count 2, even one that accounts for time served. We are unpersuaded. ORS 144.103(1) requires the combined PPS term and "term of imprisonment *served*" on Count 2 to equal 20 years. (Emphasis added.) Imposing a PPS term of "20 years less time actually served" ensures that defendant will serve the requisite PPS if, for any reason, he serves less than 20 years in prison. Defendant has not cited any precedent holding that it is error to impose such a PPS term. Moreover, defendant himself has recognized the possibility of his serving less than 20 years in prison, asserting in his supplemental brief that he could "receive early release through commutation, legislative amendment to his eligibility for sentencing credits, or reconsideration of his sentence under ORS 137.218." The possibility that defendant could serve less than 20 years in prison, even if remote, supports imposing a PPS term of 20 years less time served on Count 2. The trial court did not plainly err.

*Sentence on Count 2.* Defendant was convicted of two counts of first-degree sodomy based on his engaging in oral sexual intercourse with his own daughter when she was older than 11 but younger than 16. The court imposed a 300-month sentence on Count 2 pursuant to ORS 137.690, which mandates a 300-month sentence for a person with a prior conviction for a major felony sex crime, even in the same sentencing proceeding. Defendant argues that his 300-month sentence on Count 2 is unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. We review for legal error whether a sentence is unconstitutionally disproportionate. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

"We address proportionality challenges under Article I, section 16, using the factors set out in *Rodriguez/ Buck*, which include '(1) a comparison of the severity of the

penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant.'" *State v. McCombs*, 330 Or App 545, 563-64, 544 P3d 390 (2024) (quoting *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009)). We are unpersuaded that defendant's sentence violates Article I, section 16.

First, defendant's conduct was grave and falls squarely within the conduct covered by the first-degree sodomy statute. *See* ORS 163.405(1)(c) ("A person who engages in oral *** sexual intercourse with another person *** commits the crime of sodomy in the first degree if *** [t]he victim is under 16 years of age and is *** the son or daughter of the actor ***."). Second, we are unpersuaded that the sentence is disproportionate relative to other crimes, especially related crimes. *See Rodriguez/Buck*, 347 Or at 65 (looking at the penalties imposed for crimes with "similar characteristics to the crime at issue," *i.e.*, other sex crimes, and noting the difficulty of comparing unrelated crimes); *State v. Shaw*, 233 Or App 427, 437, 225 P3d 855, *rev den*, 348 Or 415 (2010) (viewing it as problematic to compare the defendant's 300-month sentence for first-degree rape of an 11-year-old child with the penalties for intentional murder, in part because it "asks us to conduct an open-ended inquiry into the relative seriousness of unrelated criminal offenses"). Third, although defendant has no criminal history prior to this proceeding, that alone does not persuade us that the sentence is disproportionate. *Cf. McCombs*, 330 Or App at 564-65 ("Although defendant has no prior criminal history, in light of his conduct—which involved a four-year-old child to whom he was a father figure and whom he was supposed to protect—his lack of criminal history has little weight in balancing the proportionality of his sentences and is insufficient to render those sentences unconstitutional.").

We reject defendant's Eighth Amendment claim for the same reasons. *See id.* at 565 (rejecting the defendant's Eighth Amendment argument, where he relied "on the same argument that he presented under Article I, section 16, with which we disagreed when applying the *Rodriguez/Buck* factors"); *State v. Wiese*, 238 Or App 426, 429-30, 241 P3d 1210

(2010), *rev den*, 349 Or 654 (2011) (citing *Rodriguez/Buck* for the proposition that "analysis of the three factors under Article I, section 16, provide[s] a sufficient basis to decide whether defendant's sentence was \*\*\* cruel and unusual under the Eighth Amendment").

Affirmed.