594 August 13, 2025 No. 728

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT ANTHONY COTTER,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR55068; A184156

Sheryl Bachart, Judge.

Submitted July 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for first-degree online sexual corruption of a child and luring a minor. The trial court sentenced him to the presumptive sentences for those crimes, 28 months and 19 months, respectively. The court also ordered the sentences to be served consecutively. On appeal, in three claims of error, he challenges his sentence as being aggregately disproportionate as applied to him and as being vertically disproportionate.[1] We affirm.

Defendant's convictions were based on his admissions that he engaged in sexually explicit conduct and conversations with two officers posing as underage females and that he ultimately went to a location to meet with one of them, whom he believed to be an underaged girl. As noted, he received an aggregate sentence of 47 months for those crimes. In his first claim of error, he argues that his sentence is, in the aggregate, unconstitutionally disproportionate under both the state and federal constitutions.[2] Under Article I, section 16, of the Oregon Constitution, disproportionality challenges are limited to individual, and not aggregate, sentences. *Real v. Nooth*, 268 Or App 747, 756, 344 P3d 33, *rev den*, 357 Or 550 (2015) (holding that it could not review a 240-month aggregate sentence for disproportionality under Article I, section 16, and instead examining only the individual 120-month sentences); *State v. Parker*, 259 Or App 547, 549, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014) (concluding that it was "not appropriate" to consider the defendant's "aggregate or cumulative sentence" in assessing disproportionality under Article I, section 16). The trial court thus correctly rejected defendant's challenge to his aggregate sentence.

In his second and third claims of error, defendant raises a different challenge to his sentences, arguing that

---

[1] Defendant filed a *pro se* supplemental brief in which he recounts the facts of his case and what he describes as misconduct between the trial court and the prosecutor. We have reviewed his arguments and conclude that they provide no basis for reversal.

[2] Defendant does not develop a separate argument under the federal constitution, noting that we have previously determined that an analysis under Article I, section 16, also provides a basis for assessing whether a defendant's sentence is disproportionate under the federal constitution.

his sentences are vertically disproportionate. He acknowledges that he did not raise a vertical proportionality challenge as to the conviction for luring a minor but argues that he preserved that argument as to his conviction for online sexual corruption of a child. For its part, the state argues that defendant did not preserve a vertical proportionality challenge to even that conviction.

What both parties agree upon, however, is that on its merits, this case is controlled by *State v. Fernandez*, 334 Or App 81, 555 P3d 350, *rev allowed*, 373 Or 121 (2024). There, we held that ORS 138.105(8)(a)(A) bars review of a presumptive sentence.[3] Thus, even assuming that defendant's challenge to his conviction for online sexual corruption of a child is preserved, it would fail on its merits. And, in light of *Fernandez*, we cannot say that his unpreserved challenge to his sentence for luring a minor is error, let alone plain error.

Affirmed.

---

[3] Defendant observes that the defendant in *Fernandez* assigned error to the particular crime seriousness categories and argued that the court should have used lower categories that applied to other comparable offenses, whereas here, defendant challenges the prison terms and not the crime seriousness categories. Either framing, however, amounts to challenges to a "sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission," *see* ORS 138.105(8)(a)(A), and, thus, our review is barred by ORS 138.105.