160 August 27, 2025 No. 783

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD DEAN JARCHOW,
*Defendant-Appellant.*

Jefferson County Circuit Court
22CR06628, 23CR18376; A182598 (Control), A182599

Annette C. Hillman, Judge.

Argued and submitted on July 22, 2025.

Thaddeus Betz argued the cause and filed the briefs for appellant.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant pleaded guilty to 20 counts of various sexual offenses. The trial court ordered defendant to serve many of his sentences consecutively and imposed a 440-month term of imprisonment. In this consolidated appeal, defendant contends that his aggregate sentence is constitutionally disproportionate under Article I, section 16, of the Oregon Constitution. Because Article I, section 16, does not apply to proportionality challenges of aggregate sentences, we affirm.

Both the state and defendant agree that under our existing case law, defendant's challenge to his aggregate sentence is unsustainable. *See, e.g.*, *State v. Parker*, 259 Or App 547, 549-50, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014) (Article I, section 16, does not apply to aggregate sentences). Although defendant argues that our cases were wrongly decided, he has not established that *Parker* and its progeny were "plainly wrong." *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (explaining that our standard for overruling precedent is that the holding must be "plainly wrong," which is a "rigorous standard, satisfied only in exceptional circumstances").

Defendant also argues that were we to affirm the trial court's ruling, we would have to do so under the "right for the wrong reason" doctrine and that the conditions necessary for that doctrine are not satisfied here. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (allowing a reviewing court to affirm on a right for the wrong reason basis when certain conditions are met). Defendant observes that the trial court did not rule that defendant's proportionality challenge was barred because Article I, section 16, does not apply to aggregate sentences; rather, based on both parties' arguments, it concluded that under the factors laid out in *State v. Rodriquez/Buck*, 347 Or 46, 217 P3d 659 (2009), his proportionality challenge failed.

Now, defendant asserts that had the state argued that defendant's challenge to his aggregate sentence failed under Article I, section 16, defendant would have created a

different record. *See Outdoor Media Dimensions Inc.*, 331 Or at 660 (if a party might have created a different record that could have affected the disposition of the issue, a court will not consider the alternative basis for affirmance). In particular, defendant maintains that he would have created that different record by seeking to "specifically enforce his plea agreement, which set no limitation on his right to request a sentence of 100 months in prison." In his view, given the maximum consecutive sentence he could receive under his plea agreement, his "proportionality argument was his best argument to limit the court's broad discretion to impose a consecutive sentence in excess of 100 months. By now asserting a limit to defendant's ability to make that argument, the State has added a term to the plea that did not exist[,]" and defendant might have moved to withdraw his plea on the ground that it was not knowingly made.

We disagree. It is not clear how, had the state raised the issue below, defendant would have made a different record. The question whether a person can challenge an aggregate sentence under Article I, section 16, is a purely legal question. Framed slightly differently, there was no "different record" that defendant could have made that would have affected the outcome of that legal question. Nor has the state "added" a term to the plea agreement that did not exist before the trial court. The plea agreement that defendant entered into included a provision that he would not seek less than a 100-month sentence and the state could seek "any lawful sentence." The sentence that defendant received falls within—and does not add to—that plea agreement.

Affirmed.