No. 1008	November 26, 2025	155

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH WAYNE LANCASTER,
*Defendant-Appellant.*

Lane County Circuit Court
21CR26583; A178488

Jay A. McAlpin, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for first-degree rape, ORS 163.375, first-degree sodomy, ORS 163.405, first-degree unlawful sexual penetration, ORS 163.411, and first-degree sexual abuse, ORS 163.427, raising four assignments of error. In his first three assignments, defendant asserts that the court erred in imposing a sentence of 300 months' imprisonment on the rape, sodomy, and unlawful penetration counts because they were disproportionate under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. In his fourth assignment, he argues the same as to his 600-month aggregate sentence, which was the result of the rape and sodomy sentences running consecutively. We reject defendant's arguments and affirm.

The underlying facts are undisputed and discussed in detail in our analysis below. In short, defendant's challenge to his sentence arises out of his sexual abuse of his daughter starting when she was six years old and continuing for many years. On appeal, defendant argues that the 300-month sentences imposed by the trial court are unconstitutionally disproportionate due to his lack of criminal history and specified personal characteristics, specifically sexual and physical abuse that he suffered as a child and the resulting psychological disorders, including post-traumatic stress disorder, borderline personality disorder, and alcohol and drug abuse. Comparing his situation to the intellectual disability discussed in *State v. Ryan*, 361 Or 602, 396 P3d 867 (2017), defendant contends that the court failed to adequately assess the effect of his traumatic past and resulting psychological outcomes in determining the constitutionality of the 300-month sentences and aggregate 600-month sentence.

Article I, section 16, provides, in part: "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." A punishment violates Article I, section 16, only in the "rare circumstance" that it is so disproportionate to the offense as to "shock the moral sense" of reasonable people. *State v. Rodriguez/Buck*, 347 Or

46, 57-58, 217 P3d 659 (2009). Whether a sentence "shocks the moral sense" of reasonable people is a legal question, and we are bound by the trial court's findings of historical fact if they are supported by evidence in the record. *State v. Gonzalez*, 373 Or 248, 254, 564 P3d 109 (2025). When evaluating the proportionality of a sentence applied in a specific case, the court considers at least three factors: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *Rodriguez/Buck*, 347 Or at 58. As part of the first factor, the court assesses "the specific circumstances and facts of the defendant's conduct that come within the statutory definition of the offense, as well as other case-specific factors, such as characteristics of the defendant and the victim, the harm to the victim, and the relationship between the defendant and the victim." *Id.* at 62.

As to the first *Rodriguez/Buck* factor, although the 300-month sentences are one of the longest sentences authorized by law, we conclude that defendant's conduct was particularly grave given his relationship with the victim; the nature of the abuse, which began when she was six years old; the extended number of years over which the abuse occurred; the frequency of the abuse; his refusal to stop the abuse over the victim's demand; and his use of emotional manipulation, verbal abuse, and physical restraint. Defendant does not argue that his conduct was not grave and instead argues that the court was required to take his personal characteristics into account.

Regarding defendant's argument that the trial court was required to consider his specific personal characteristics, including childhood trauma and resulting mental illness and maladaptive behavior, the Oregon Supreme Court rejected that argument in *Gonzalez*, which was decided after the briefing in this case was complete. In *Gonzalez*, the defendant argued that the mandatory minimum sentence for her convictions was unconstitutionally disproportionate as applied to her due to her personal characteristics, including adverse childhood experiences and mental illness, which in her view were like an intellectual disability, that

reduces culpability. 373 Or at 263-64. The trial court agreed and imposed a less severe sentence, citing factors including the defendant's "unstable childhood, later traumatic events that she had experienced, \*\*\* the influence of defendant's methamphetamine use on her psychological health, and her diagnoses of depression, adjustment disorder, anxiety, and post-traumatic stress disorder." *Id.* at 253. We reversed, and the Supreme Court affirmed our decision, explaining that, unlike intellectual disability for which there is "objective evidence of a societal standard that eschews treating persons with the attributes of a pre-teen child as if they were normally abled adult offenders," the defendant had not identified a "statutory or other basis" for concluding that there is a similar societal standard for persons with the defendant's mental health attributes where "they are found to have acted with the requisite culpable mental state." *Id.* at 259-60.

In this case, defendant's childhood trauma and psychological conditions are comparable to those in *Gonzalez*, and defendant has similarly not provided any statutory or other evidence of a societal standard recognizing reduced moral culpability for individuals with those characteristics.[1] Thus, we reject defendant's argument that the trial court was required to analyze those characteristics in the same manner as intellectual disability in determining whether the sentences were disproportionate. In short, given the extreme nature of defendant's conduct and the vulnerability of the victim, we conclude that the gravity of the offense is such that the 300-month sentences would not "shock the moral sense" of reasonable people.

---

[1] In his reply brief, defendant contends that his case is distinguishable from *Gonzalez*—that is, our decision in *State v. Gonzalez*, 326 Or App 587, 534 P3d 289 (2023), *aff'd*, 373 Or 248, 564 P3d 109 (2025), which was decided after he filed his opening brief but before the state's answering brief. Defendant asserts that, "[c]ontrary to the evidence of the defendant's personal circumstances presented in *Gonzalez*, the evidence in this case concerned personal characteristics of the defendant, in the form of psychological disorders that resulted from severe childhood trauma, that directly bear on his culpability for the crimes he admitted committing." (Emphasis omitted.) As explained above, we are unconvinced that there is a meaningful distinction between the evidence in this case and the evidence in *Gonzalez* and, regardless, defendant has not provided evidence of a societal standard recognizing reduced moral culpability for the evidence in this case, be it circumstances or characteristics.

The remaining two factors also do not persuade us that defendant's sentence is constitutionally disproportionate. First, defendant does not present an argument regarding the second factor, a comparison of the penalties imposed for other, related crimes. Thus, that factor does not aid defendant's proportionality argument. Second, with respect to the third factor—defendant's criminal history—defendant argues that his criminal history is minimal, including only misdemeanors or non-person felonies, and that the only evidence presented was of "violations of restraining orders and harassing behavior consistent with [his] attachment disorder." However, we consider both charged and uncharged wrongful conduct. *See Rodriguez/Buck*, 347 Or at 78 (explaining that "[t]raditional understandings of proportionality," as well as prior Supreme Court cases, require consideration of "whether a defendant is a repeat offender by considering previous criminal convictions and whether there is evidence of multiple instances of uncharged wrongful conduct"); *State v. Althouse*, 359 Or 668, 679, 375 P3d 475 (2016) (reviewing the defendant's history of charged and uncharged sex offenses when evaluating whether the defendant's sentence is constitutionally disproportionate under Article I, section 16).

Here, although defendant was charged with one count each of first-degree rape, sodomy, unlawful sexual penetration, and sexual abuse, he does not dispute that he engaged in the acts constituting the charges countless times over a period of years. Thus, the third factor does not weigh in his favor. In short, because none of the factors weigh in defendant's favor, we readily conclude that the sentences are not unconstitutionally disproportionate to the offenses and reject defendant's arguments under Article I, section 16.

Turning to defendant's Eighth Amendment challenges, the state disputes that defendant preserved his federal challenge. Given our disposition, we need not address the parties' preservation dispute; rather, we assume for purposes of this appeal that defendant sufficiently preserved his federal constitutional challenge. As noted by defendant's argument, our analysis of the three factors set forth in *Rodriguez/Buck* provides a sufficient basis to decide whether

a defendant's sentence is disproportionate under the Eighth Amendment. *State v. Wiese*, 238 Or App 426, 429-30, 241 P3d 1210 (2010), *rev den*, 349 Or 654 (2011). Accordingly, we conclude that defendant's sentences are not disproportionate under the Eighth Amendment.

Finally, in his fourth assignment of error, defendant argues that his 600-month aggregate sentence is constitutionally disproportionate under Article I, section 16, and the Eighth Amendment. Although preservation is disputed by the parties, we conclude that, even if defendant adequately preserved his argument for appellate review, a proportionality analysis does not apply to aggregate sentences. *See State v. Parker*, 259 Or App 547, 549, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014) (concluding that it was not appropriate to consider the defendant's "aggregate or cumulative sentence of 119 months to determine if his aggregate or cumulative sentence of 119 months is disproportionate to his 10 offenses"). Accordingly, we reject defendant's contention that the trial court erred in imposing a 600-month aggregate sentence.

Affirmed.