No. 66 February 4, 2026 847

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARNOLD L. OSBORNE,
aka Aronld L. Osborne,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR15807; A181755

Michael A. Greenlick, Judge.

Submitted December 19, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. Arnold L. Osborne filed the brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment sentencing him to 272 months in prison for various sex offenses against his stepdaughter, S. S reported to police that defendant abused her in 2008, but the state did not commence prosecution against defendant until filing an indictment in 2019. Defendant raises three counseled assignments of error, contending that the trial court erred by (1) denying his motion to dismiss due to preindictment delay; (2) admitting hearsay statements made by S to a grand jury under OEC 803(18a) (b), which authorizes admission of hearsay statements concerning child sexual abuse by a child declarant; and (3) sentencing him to an unconstitutionally disproportionate sentence. Defendant also raises several *pro se* assignments of error relating to the "best evidence" rule, a purported failure to give the "witness false-in-part instruction," the trial court's decision to deny him bail, and his attorney's performance. We affirm.

"We review a trial court's denial of a motion to dismiss based on a preindictment delay for errors of law." *State v. Benson*, 370 Or 58, 65, 514 P3d 491 (2022). "We are bound by the trial court's express and implicit factual findings so long as those factual findings are supported by evidence in the record." *Id.* "To demonstrate that preindictment delay violated the federal Due Process Clause, a defendant must show that the delay actually prejudiced the defendant and that the government culpably caused the delay." *State v. Stokes*, 350 Or 44, 64, 248 P3d 953, *cert den*, 565 US 920 (2011). "A court must weigh the government's reason for the delay against the prejudice to determine whether the delay violated our society's fundamental conceptions of justice, fair play, and decency." *Id.*

To establish that he was prejudiced, defendant argued that, because of the passage of time and the fact that the family no longer lived in the home where the abuse occurred, he lost the ability to challenge parts of S's narrative about where the abuse occurred, locate favorable witnesses such as neighbors and S's father, and his own memory had faded. Those arguments are too speculative to show "actual, substantial prejudice." *See Benson*, 370 Or at 72

(noting that "a defendant alleging a due process violation based on a preindictment delay faces a high bar to establishing actual, substantial prejudice"). There was already evidence in the record as to the layout of the family home, and defendant never provided the names of several of the favorable witnesses or how their testimony could support—rather than detract from—his case. *See State v. Davis*, 345 Or 551, 574-75, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009) (no actual prejudice where testimony of potential witnesses was "purely speculative" and defendant merely identified "items and information of undetermined evidentiary value that the police theoretically could have obtained"); *State v. Williams*, 203 Or App 183, 190, 125 P3d 93 (2005), *rev den*, 341 Or 245 (2006) (substantial prejudice "is more than impaired memory of events"). Thus, the trial court did not err in denying defendant's motion to dismiss based on preindictment delay.

Defendant next assigns error to the trial court's admission of S's grand jury testimony under OEC 803(18a) (allowing hearsay statements in certain contexts, including statements of abuse made by a child declarant) and OEC 403. Defendant argues that it was error to admit S's grand jury testimony under OEC 803(18a)(b) because that exception applies only to declarants who are children at the time of trial, and S was an adult when she testified at trial. The state concedes the error but argues that the admission of the testimony was harmless because it was not materially different from S's other statements.[1] We agree that the error, if any, was harmless.

We will affirm despite error if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Here, S's grand jury testimony was cumulative of her CARES interview and police interview—both of which were recorded close in time to the abuse—making it less likely to have improperly affected the verdict. *See State v. Simon*, 294 Or App 840, 854, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019) (evidence of CARES interview likely to be believed by jury because

---

[1] Because the state concedes that admission of the evidence was error under OEC 803(18a)(b), we do not reach defendant's other argument that the evidence's probative value was substantially outweighed by the danger of unfair prejudice under OEC 403.

it "provided the jury with a direct means of assessing [the victim's] credibility by observing firsthand her demeanor and the manner in which the interview was conducted"); *see also State v. Iverson*, 185 Or App 9, 16, 57 P3d 953 (2002), *rev den*, 335 Or 655 (2003) (improperly admitted evidence that "included some of the first statements that the complainants made about the alleged abuse" was not harmless because it "significantly reinforc[ed] [the victims'] testimony at trial"). Although the prosecutor did mention, once, in closing, that S had "notably" been "very consistent" in her testimony, the prosecutor focused primarily on the medical evidence, the fact that defendant had access to S during the period of the abuse, and S's knowledge of facts about defendant that would be unlikely for a stepdaughter to know. *See State v. Mendoza-Sanchez*, 291 Or App 299, 314-15, 419 P3d 765 (2018) (assessing prejudice of erroneously admitted evidence in part based on parties' reliance and use of evidence in closing arguments).

In defendant's last counseled assignment of error, he contends that the trial court erred in imposing an aggregate sentence of 272 months in prison. Defendant argues that, given his age, a 272-month aggregate sentence essentially amounts to a life sentence without the possibility of release, in violation of both Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. Defendant's "aggregate disproportionality" argument is foreclosed by *State v. Parker*, 259 Or App 547, 549, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014), and we are not persuaded that *Parker* is "plainly wrong." *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining standard).

Finally, defendant raises several *pro se* assignments of error, but none of them have merit. First, defendant contends that the trial court erred by not dismissing his case because, according to him, the prosecutor did not present a true, original copy of the indictment, in violation of the rules of evidence. Because an indictment is not evidence, we reject that argument. Next, defendant argues that the trial court erred by not giving a "witness false-in-part" jury instruction. The trial court, however, did give that instruction, as

requested by defense counsel. We understand defendant's next argument to be that the trial court erred by not releasing him on bail prior to sentencing or during his current appeal. To the extent that defendant challenges the decision to deny bail prior to his sentencing, that argument is moot. *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) (a case is moot if a court's decision "no longer will have a practical effect on or concerning the rights of the parties"). Defendant has no right to bail on appeal. *Priest v. Pierce*, 314 Or 411, 419, 840 P2d 65 (1992). Defendant's remaining arguments are unpreserved, and we decline to address them.

Affirmed.